IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY LYNN HARRIS, | : |
| Plaintiff, | : |
| v. | : Civil No. 4:08-cv-0294 |
| | : Judge John E. Jones III |
| U.S. FEDERAL GOVERNMENT, | : |
| Defendant | : |

## MEMORANDUM

February 19, 2008

Plaintiff Tammy Lynn Harris, commenced this *pro se* action with the filing of a complaint on February 15, 2008. (Doc. 1.) Harris also filed a declaration in support of request to proceed *in forma pauperis*. (Doc. 2.) This action is currently before the Court for screening pursuant to 28 U.S.C. § 1915. Because Harris's complaint is frivolous, fails to state a claim on which relief may be granted, and seeks monetary damages from a defendant who is immune from such relief, the Court shall dismiss Harris's complaint pursuant to § 1915(e)(2)(B).

I. BACKGROUND

The entirety of Harris's "statement of claim" contained in her complaint is as follows:

> Federal government for psychically attacking me. Need for corrective lenses when eyes normal[. E]yesight used for remote viewing illegal taping my body and what I view see. Diseases acquired by channelling [sic] Reiki, etc. Slander, giving out false medical & pysch. diagnosis. U.S. Attorney General refusal to step in and review all my records due to political attacks against me.

(Doc. 1 at 2.) Harris's prayer for relief states: "I don't pray to God. My family is Jesus! I don't plead because I'm not at your mercy." (*Id.*)

Harris's declaration in support of her request to proceed *in forma pauperis* indicates that her only source of income is Social Security Disability Insurance and that she owns no valuable property. (Doc. 2 at 1-2.) Harris did not indicate, however, what her monthly expenses are or any debts she may have. (*Id.* at 2-3.)

## II. DISCUSSION

A court must engage in a two-step process when evaluating a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court evaluates a litigant's financial status and determines whether she is eligible to proceed *in forma pauperis* under § 1915(a). Second, the court assesses the complaint under § 1915(e) to determine whether it is may proceed. For the reasons that follow, Harris's motion to proceed *in forma pauperis* will be granted for the limited purposes of her filings to date, and her complaint will be dismissed under § 1915(e).

A.  **Application to Proceed *In Forma Pauperis***

Although Harris's declaration in support of her request to proceed *in forma pauperis* is incomplete, given that Harris's only source of income is SSDI, the Court will grant her application to proceed *in forma pauperis* solely for the purpose of filing her complaint and motion pursuant to § 1915.

B.  **Screening of the Complaint**

Because Harris is attempting to proceed *in forma pauperis*, the Court must engage in a screening of her complaint pursuant to 28 U.S.C. § 1915. That statute provides, in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Frivolous claims include "claims based on an indisputably meritless legal theory and claims whose factual contentions are clearly baseless. *Roman*, 904 F.2d at 194 (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). "Within the former category fall those cases in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled

to immunity from suit; within the latter are those cases describing scenarios clearly removed from reality." *Id.* (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)). Harris's complaint falls into both categories of frivolous. Other than the inclusion of the mere word slander, Harris provides no legal basis whatsoever for a claim against the federal government. Absent a waiver of sovereign immunity, the federal government is shielded from suit. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Finally, Harris's claims of psychic attacks, remote viewing through corrective lenses, and channeling of diseases are "clearly removed from reality."

Further, even if Harris's claims were assumed to be non-frivolous, she has not stated a claim upon which relief may be granted. In conducting a preliminary screening pursuant to § 1915(e)(2)(B)(ii), a court applies the same standard as that used when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Under that standard, a court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A Rule 12(b)(6) motion should be granted "if it appears

to a certainty that no relief could be granted under any set of facts which could be proved...[b]ut a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Id.* Other than a bald assertion of slander, Harris has not set forth any basis for relief.

Finally, as noted above, absent a waiver of sovereign immunity, the federal government is shielded from suit. *See FDIC*, 510 U.S. at 475. Harris has not asserted any claim for which the United States has waived sovereign immunity, and her general grievances against the government are not cognizable in a suit before this Court. Her complaint will be dismissed pursuant to § 1915(e)(2)(B).

### III. CONCLUSION

For the foregoing reasons, Harris's motion for leave to proceed *in forma pauperis* will be granted solely for the purposes of the filing of her complaint and that motion. Harris's complaint will be dismissed pursuant to § 1915(e)(2)(B). Because Harris's claims are patently frivolous, cannot be amended to state a claim upon which relief may be granted, and are barred by sovereign immunity, dismissal shall be with prejudice. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) ("[A] court should deny leave to amend if the moving party is guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile."). An appropriate order shall enter.